IN THE UNITED STATES DISTRICT COURT
FOR THE NORTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Lynal "Leonard" Medeiros, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 C 6170 |
| | ) | |
| Client Services, Inc., a Missouri corporation, | ) ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Lynal "Leonard" Medeiros, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Lynal "Leonard" Medeiros ("Medeiros"), is a citizen of the State of Massachusetts from whom Defendant attempted to collect a delinquent consumer debt, owed for a Capital One Bank credit card, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.     Defendant, Client Services, Inc. ("Client Services"), is a Missouri corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Client Services operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5.     Defendant Client Services is licensed to conduct business in Illinois and maintains a registered agent here.  See, record from the Illinois Secretary of State attached as Exhibit A.

6.     Defendant Client Services is licensed as a collection agency in Illinois. See, record from the Illinois Division of Professional Regulation attached as Exhibit B.

**FACTUAL ALLEGATIONS**

7.     Mr. Medeiros is a senior citizen, with limited assets and income, who fell behind on paying his bills, including his Capital One Bank credit card debt.  When Defendant Client Services began trying to collect a credit card debt from Mr. Medeiros, he sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant Client Services' collection actions.

8.     On July 21, 2009, one of Mr. Medeiros's attorneys at LASPD faxed a letter to Defendant Client Services, dated July 20, 2009, advising it that Mr. Medeiros was represented by counsel, and directing Client Services to cease contacting him and to cease all further collection activities because Mr. Medeiros was forced, by his financial

circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, on July 27, 2009, Client Services called LASPD to demand that its client, Mr. Medeiros, pay/settle his account, and on July 28, 2009, sent Mr. Medeiros a letter, in care of LASPD, demanding payment/settlement of the Capital One debt. A copy of this letter is attached as Exhibit D.

10. All of the collection actions at complained of herein occurred within one year of the date of this Complaint.

11. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### Violation Of § 1692c(c) Of The FDCPA -- Failure To Cease Collections

12. Section 1692c(c) of the FDCPA prohibits a debt collector from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

13. Here, the letter from Mr. Medeiros' agent, LASPD, told Defendant Client Services to cease collections because Mr. Medeiros was forced by his financial circumstance to refuse to pay his debts (Exhibit C). By continuing to demand payment of the debt at issue, Defendant Client Services violated § 1692c(c) of the FDCPA.

14. Defendant Client Services' violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Lynal "Leonard" Medeiros, prays that this Court:

1. Find that Defendant Client Services' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Medeiros, and against Defendant Client Services, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff Medeiros, demands trial by jury.

                                          Lynal "Leonard" Medeiros,

                                          By: /s/ David J. Philipps
                                          One of Plaintiff's Attorneys

Dated: October 2, 2009

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com