MHN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LYNAL "LEONARD" MEDEIROS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CLIENT SERVICES, INC., ) <br> ) <br> Defendant. ) | No. 09 CV 6170 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Lynal "Leonard" Medeiros, brought this action in federal court against Defendant, Client Services, Inc. ("Client Services"), alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Before the Court is Client Services' Motion for Judgment on the Pleadings.

## BACKGROUND

The facts taken from the Complaint are assumed true for purposes of this Motion. This case involves a controversy between Plaintiff and Client Services regarding Client Services' debt collection practices. Plaintiff is a senior citizen, with limited assets and income, who accumulated a credit card debt after falling behind on the payment of his Capital One Bank bills. He sought legal assistance from the attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD") when Client Services attempted to collect the debt from him. On July 21, 2009, one of Plaintiff's attorneys at LASPD faxed a letter to Client Services stating that Plaintiff was represented by counsel and instructing Client Services to cease all further collection activities and contact with Plaintiff because he had refused to pay his debt due to financial circumstances. On July 27, 2009, Client Services called LASPD to demand that Plaintiff pay or settle his account. On July 28, 2009, Client Services sent a letter to Plaintiff, in care of LASPD, which demanded the

payment or settlement of the Capital One Bank debt. On October 2, 2009, Plaintiff filed a complaint that alleged a violation of § 1692c(c) of the FDCPA by Client Services. Plaintiff stated that his agent, LASPD, sent a letter to Client Services that demanded it to cease collections and that Client Services violated § 1692c(c) when it continued to demand payment of the debt. On April 26, 2009, Client Services filed a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c), arguing that its collection efforts, as a matter of law, could not be held to be in violation of the FDCPA.

## LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 12(c), a party may move for judgment on the pleadings once the pleadings are closed. A motion for judgment on the pleadings is subject to the same standard as a Rule 12(b)(6) motion to dismiss. *Piscotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). The court takes the facts alleged in the complaint as true, drawing all reasonable inferences in favor of the plaintiff. *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004). In order to defeat a motion for judgment on the pleadings, the plaintiff's complaint "must allege enough facts to state a claim to relief that is plausible on its face." *Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008). The court is not obligated to give any weight to unsupported conclusions of law. *Berry v. Ill. Dep't of Transp.*, 333 F. Supp. 2d 751, 754 (C.D.Ill. 2004). The court must not look beyond the pleadings, but it may take into consideration documents incorporated by reference to the pleadings and may take judicial notice of matters of public record. *Stewart Title Guar. Co. v. Azar*, 1993 WL 141797, at *1 (N.D.Ill. Apr. 30, 1993).

## ANALYSIS

Client Services argues that the Court should judge on the pleadings in its favor because Plaintiff has failed to plead that it violated the FDCPA.

2

*Fair Debt Collection Practices Act*

Plaintiff argues that Client Services violated § 1692c(c) of the FDCPA. Both parties agree that a debt collection agency must cease communication with a consumer under the circumstances stated in the section:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except--
> (1) to advise the consumer that the debt collector's further efforts are being terminated;
> (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
> (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.
> If such notice from the consumer is made by mail, notification shall be complete upon receipt.

15 U.S.C. § 1692c(c). The two parties differ as to whether communication with a consumer's attorney is actionable under the section. Plaintiff asserts that the section covers communication between a creditor and a consumer's attorney and that his argument is supported by the ruling in *Startare v. Credit Bureau of N. Am., LLC*, No. 09 C 6464, slip op. (N.D. Ill. June 3, 2010) ("*Startare*"). There, as in this case, the plaintiff owed a debt to the defendant creditor and sought legal assistance through the LASPD. The attorneys at LASPD sent a letter from the plaintiff to the defendant declaring his refusal to pay the debt and to direct all future communications to plaintiff's attorneys. The plaintiff brought an action under the FDCPA against the defendant after it continued to contact plaintiff's attorneys regarding payment of the debt.

The *Startare* court held that the defendant's communication with the plaintiff's attorney violated § 1692c(c). It relied on the protections granted to consumer lawyers in *Evory v. RJM Acquisitions Funding, LLC*, 505 F.3d 769 (7th Cir. 2007) ("*Evory*"). In *Evory*, the court held that communications with a consumer's attorney are subject to § 1692d through § 1692f of the FDCPA, which prohibit

3

harassing, deceptive, and unfair practices in debt collection. The *Startare* court decided that the Seventh Circuit's rationale in *Evory* for applying the FDCPA to communications sent to a consumer's attorney under these sections would be equally applicable to 15 U.S.C. § 1692c. Furthermore, any such communication to a consumer's attorney was restricted to the exceptions provided in § 1692c(c). *Startare*, No. 09 C 6464, slip op. at 7-9. Plaintiff here argues that Client Services violated the FDCPA by failing to limit itself to the exceptions provided in § 1692c(c) when it communicated with Plaintiff's attorneys.

Client Services argues that the *Startare* case was incorrectly decided and that Plaintiff failed to distinguish the decision in *Tinsley v. Integrity Fin. Partners, Inc.*, No. 09 C 7925, slip op. (N.D. Ill. Mar. 29, 2010) ("*Tinsley*") which is currently before the 7th Circuit Court of Appeals. In that case, the plaintiff also sought legal assistance through LASPD, whose attorneys sent a similar letter to the defendant creditor that stated the plaintiff's refusal to pay a debt and to direct all communications to his attorneys. The plaintiff subsequently brought an FDCPA action against the defendant when it contacted plaintiff's attorneys and demanded that plaintiff pay the debt. The district court ruled that § 1692c(c) did not apply to communication with a consumer's attorney after the consumer refused to pay his outstanding debt. It determined that Congress did not intend for the term "consumer" in § 1692c(c) to be interchangeable with the consumer's attorney and distinguished the *Evory* holding as not based on § 1692c(c) nor the definition of "consumer" in §1692c(d). *Tinsley*, No. 09 C 7925, slip op. at 3.

The *Tinsley* decision is more persuasive. For purposes of § 1692c, a consumer includes "the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator." 15 U.S.C. § 1692c(d). The debtor's attorney is omitted from the list of persons defined as consumers, which indicates that § 1692c(c) is not intended to prohibit communication to a consumer's attorney. *See Guerrero v. RJM Acquisitions, LLC*, 499 F.3d 926, 935 (9th Cir. 2007) (finding that the absence of the debtor's attorney from the list of defined consumers suggests that Congress did not view attorneys

4

as susceptible to the abuses that spurred the need for legislation). Communication with an attorney instead of the consumer is explicitly provided for in § 1692c(a)(2). *Zaborac v. Phillips & Cohen Assocs., Ltd.*, 330 F. Supp. 2d 962, 967 (N.D. Ill. 2004).

Furthermore, Plaintiff waived his claim by asking Client Services to "direct all future communications to the LASPD office." *Tinsley*, No. 09 C 7925, slip op. at n. 1. Under § 1692c(c), a debt collector "shall not communicate further with the consumer" after the receipt of a written refusal to pay except in three specific instances. Client Services ceased all communication with Plaintiff after it received his written refusal to pay the debt, and it did not violate this section when it contacted Plaintiff's attorney as directed. Thus, Client Services' Motion for Judgment on the Pleadings is granted with respect to Plaintiff's claim under the FDCPA.

## CONCLUSION

For the reasons stated above, Client Services' Motion for Judgment on the Pleadings is granted by the Court.

Dated: August 17, 2010

JOHN W. DARRAH
United States District Court Judge

5